## No. 1310.

### P. G. GIBERT vs. DAVID SIESS.

When a planter executes his notes, and discounts them with his factor, who places their proceeds to his credit on account, the same may be sued upon *via ordinaria* by the latter, the right being reserved the former to prove a want or failure of consideration therefor.

APPEAL from the Twelfth District Court, Parish of Avoyelles, Overton, J.

---

*J. C. Cappel* and *David Todd* for Plaintiff and Appellee.

---

*Wm. Voorhies* and *Thorpe & Peterman* for Defendant and Appellant:

1. As between the parties to a contract, suit cannot be brought on the accessory, ignoring the existence of the principal obligation. Ward vs. Douglas, 22 Ann. 463.
2. When mortgage notes are given by planter to commission merchant exclusively to secure future advances in account current. the latter cannot foreclose on the mortgage notes without reference to the account current, he must sue for settlement and liquidation of account current, and simultaneously foreclose on the mortgage notes for the balance, which may be struck in his favor. Beyond this he has no rights. Durrive vs. Key; Lanata vs. Bayhi, 31 Ann. 229; 7 Ann. 298.
3. For facts see statement in brief as to principal eventual obligation of which the mortgage notes were accessory. 20 Ann. 154, C. C. Arts. 3292, (3259) 3293, (3260) 10 Rob. 383; 3 Ann. 971; 5 Ann. 231; 7 Ann. 298; 18 Ann. 235; see also 4 L. 268; 8 L. 276, 531; 16 L. 374; 9 Rob. 482; 12 Ann. 529; 15 Ann. 646; 16 Ann. 437; 21 Ann. 668; 24 Ann. 36; 28 Ann. 357; 30 Ann. 84, 868; 34 Ann. 852.

The exception that petition discloses no cause of action is fatal to plaintiff's suit. The evidence elicited on the merits, shows the propriety of remitting him to the proper proceedings in order to determine the rights of the parties advisedly. See Nix vs. His Creditors, 2 South Rept. 391.

---

The opinion of the Court was delivered by

WATKINS, J. Suit *via ordinaria* is brought upon two promissory notes secured by mortgage. They were executed by the defendant as collateral security for his account with the plaintiff as his commission merchant.

To the petition defendant tendered an exception of no cause of ac-

tion, and, it having been overruled, he filed an answer in which he pleaded the general issue, the discharge of the debt evidenced by the notes and mortgage, and a demand in reconvention for the sum of $1500. On the trial the judge a *quo* gave the plaintiff judgment for $3400, but rejected his demand for the recognition of his mortgage; and allowed the defendant $715 37½ on his reconventional demand. There is, also, a stipulation in the decree to the effect that it shall not become executory until certain notes, other than those sued on are canceled and returned to the defendant.

From this judgment the defendant has appealed.

For relief at our hands his sole reliance is placed on his exception, which he insists was improperly overruled.

His insistance is that, if he owes anything to the plaintiff, it is only a balance of account, and not on the notes.

That this balance is represented by the notes sued on as collateral security. That he has no cause of action on the notes, or for the foreclosure of the mortgage securing their payment, but is restricted to suit "for a liquidation and settlement of accounts."

This objection is technical.

In addition, this defense has served defendant every purpose he could have expected. For, on the trial the plaintiff did not rest his case on the introduction of the notes and mortgage in evidence, but he offered his own depositions--twice taken--with all of defendant's accounts, from the commencement of his transactions in 1880, to their termination on the 10th of March, 1885, showing a debit balance of $3,794 15.

The defendant was not restricted in the introduction of evidence in his favor. He produced and filed plaintiff's account against him for 1883-4. He was examined as a witness in his own behalf, and upon his evidence the reduction of the plaintiff's demand was secured, and the allowance was made on his reconventional demand.

We do not understand that any complaint is made of the correctness of the judgment appealed from, in any essential particular.

This case comes fairly within the principle announced in John Chaffe & Sons vs. Whitfield, recently decided at Monroe, in which we held that a mortgage note furnished by a planter as collateral security for advances to be made by his commission merchant for the working of a plantation, may be sued directly by the holder for the exact amount of the advances; and that, in the absence of proof of a want of consideration, and in presence of evidence, showing that the advances have been made, payment of the note may be enforced.

Such was the view entertained by our immediate predecessors in Lanatta vs. Bayhi. 31 Ann. 229.

Such a note not only secures the debt on open account, but liquidates it, and enables the factor to place it with his creditors or bankers. Mix vs. Creditors. 39 Ann. 628; Pickirsgill vs. Brown. 7 Ann. 307; Morris vs. Cain. 39 Ann. 730.

In this instance the defendant's notes were discounted and the proceeds placed to his credit. Same were disbursed for his account, and at the close of the season nothing remained to his credit, and there was nothing applicable to the credit of the notes at their maturity, except the amount for which credit was given in the judgment. Lehman, Abraham & Co. vs. Godbury, 40 Ann. 219.

There appears to be nothing to be adjusted on open account. It was balanced and closed, and the only sum that is due to the plaintiff is that remaining due on the defendant's discounted paper.

Had the proof disclosed a further sum unexpended by the defendant he would have been entitled to credit therefor, likewise.

This case is easily distinguished from an ordinary suit upon a promissory note and mortgage, against which unliquidated demands cannot be urged in compensation. We think defendant has had the fullest opportunity of showing the want or failure of consideration of the notes, and that is all that justice and equity entitle him to demand

Judgment affirmed.